IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TYRON NUNN, SR., # 12452-002**                                           **PETITIONER**

**VERSUS**                            **CIVIL ACTION NO. 3:14cv930-DPJ-FKB**

**WARDEN MARCUS MARTIN**                                              **RESPONDENT**

<u>**ORDER DENYING RECONSIDERATION**</u>

Before the Court are *pro se* Petitioner Tyron Nunn, Sr.'s Responses [5, 6] to the Order Denying *in Forma Pauperis* Status [3]. The Court construes the Responses as motions to reconsider. On December 5, 2014, Nunn initiated this habeas action and moved to proceed *in forma pauperis*. He also informed the Court that he had requested the prison to forward the $5.00 filing fee from his inmate account to the Court. On December 11, 2014, the Court denied him permission to proceed *in forma pauperis* and required him to pay the $5.00 filing fee by December 31.

On December 17, 2014, Nunn filed his first Response [5] contending that the Court committed "clear error in presuming that the $5.00 fee under § 1914 U.S.C. Title 28 [sic] applies to the Common law writ (process) of habeas corpus ad subjiciendum." Resp. [5] at 1. Nunn insists that there is no filing fee applicable to his Petition for writ of habeas corpus. But on December 20, he paid the filing fee. Eleven days later, Nunn filed his second Response [6], contending that the Order Denying *in Forma Pauperis* Status is void because it does not bear the seal of the Court. For the reasons set forth below, Nunn's motions to reconsider [5,6] are denied.

I.  **Discussion**

Under Federal Rule of Civil Procedure 60(b):

> . . . [T]he court may relieve a party . . . from a[n] . . . order . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

    A.  **Filing Fee**

In the first motion, Nunn claims that the express terms of 28 U.S.C. § 1914 do not apply to him because he has filed for a writ of *habeas corpus ad subjiciendum*. This argument is frivolous, because § 1914(a) provides:

> The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.

The face of the statute thus requires a filing fee for any civil proceeding whatsoever in federal court, which includes one for a writ of habeas corpus. The only difference between a writ of

habeas corpus and any other type of civil action is that the habeas corpus filing fee is only $5.00. Moreover, the "writ of habeas corpus" referred to in the statute unquestionably includes the writ of *habeas corpus ad subjiciendum*.  A writ of *habeas corpus ad subjiciendum* is a "writ directed to someone detaining another person and commanding that the detainee be brought to court.–Usu[ally] shortened to *habeas corpus*."  Black's Law Dictionary 715 (7th ed. 2001). "Habeas corpus" itself is defined as "a writ employed to bring a person before a court, most frequently to ensure that the party's imprisonment or detention is not illegal (*habeas corpus ad subjiciendum*)."  *Id.*  The two terms are interchangeable.  Therefore, the statute refers to the instant Petition for a writ of *habeas corpus ad subjiciendum*.  Nunn fails to demonstrate that the Court committed an error of law in assessing the filing fee.  The first motion is therefore denied.

      **B.**    **Seal of the Court**

The second motion argues that the Order Denying *in Forma Pauperis Status* is void because Nunn does not believe it contains the seal of the Court.  Since Nunn has paid the filing fee, this motion is moot.

**II.**    **Conclusion**

Nunn presents no basis for reconsideration of the Order Denying *in Forma Pauperis* Status.

      **IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Petitioner Tyron Nunn, Sr.'s first Response [5], which the Court construes as the first motion for reconsideration, should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's second Response [6], which the Court construes as the second motion for reconsideration, is **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED** this the 30th day of January, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE