IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TYRON NUNN, SR., # 12452-002**                                        **PETITIONER**

**VERSUS**                                                       **CIVIL ACTION NO. 3:14CV930-DPJ-FKB**

**WARDEN MARCUS MARTIN**                                        **RESPONDENT**

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Petitioner Tyron Nunn, Sr., filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1, 4, 8, 9, 11]. He is incarcerated with the Bureau of Prisons at the Federal Corrections Complex in Yazoo City, Mississippi, and attacks his drug convictions and sentences. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed as frivolous.

I.     Background

Since his convictions in 2009, Nunn has inundated the federal courts with mostly repetitive filings that collaterally attack his convictions and sentences. His tour through the federal courts began when he pleaded guilty in the Middle District of Alabama to Count 1 possession with intent to distribute crack cocaine and Count 3 distributing five or more grams of crack cocaine. *United States v. Nunn*, 3:08cr28 at *1 (M.D. Ala. July 9, 2009). The Middle District of Alabama sentenced Nunn, on July 9, 2009, to 210 months on each count, to run concurrently. *Id.* at *2. The Eleventh Circuit Court of Appeals affirmed his sentences. *United States v. Nunn*, 09-13534 at *3 (11th Cir. Apr. 8, 2010).

While his direct appeal was pending, Nunn filed his first motion to vacate, pursuant to 28 U.S.C. § 2255. *Nunn v. United States*, 2009 U.S. Dist. LEXIS 77541, 3:09cv690, at *1 (M.D. Ala. July 29, 2009) (R&R). But because his appeal was pending, the motion was dismissed without prejudice. *Id.* at *3. *See also*, *Nunn v. United States*, 2009 U.S. Dist. LEXIS 77540, 3:09cv690 (M.D. Ala. Aug. 28, 2009) (adopting R&R). He still filed four more § 2255 motions while the direct appeal was pending, all of which were again dismissed without prejudice. *Nunn v. United States*, 2010 U.S. Dist. LEXIS 26269, 3:10cv121 (M.D. Ala. Mar. 19, 2010); *United States v. Nunn*, 3:08cr28 (M.D. Ala. Jan. 8, 2010).

Then, on July 21, 2010, Nunn filed his sixth motion pursuant to § 2255–his first one filed after his convictions were final. *Nunn v. United States*, 2012 U.S. Dist. LEXIS 81955, 3:10cv625 (M.D. Ala. May 29, 2012) (R&R). For nearly two years, he continuously amended and supplemented that motion a total of 44 times. Among other things, he argued that the Middle District of Alabama and the United States did not have subject-matter jurisdiction over his criminal conduct and the indictment did not set forth a basis for jurisdiction. *Id.* at *4-7. The court denied these claims as "patently frivolous in all respects." *Id.* at *17.

In all, Nunn has filed nine § 2255 motions since his convictions became final. And he has also filed twenty-seven (27) § 2241 petitions, not counting the five that were either dismissed voluntarily, for failure to prosecute, or for being brought by an improper next friend. Nunn has also filed numerous civil rights actions—all during this same time period—that did nothing but collaterally attack his convictions on much of the same grounds rejected in his habeas cases. Not surprisingly, at least three courts—including the Fifth Circuit Court of Appeals—have warned or sanctioned Nunn for his frivolous filings. *See Nunn v. Kastner*, 541 F. App'x 820, 821, 824

(10th Cir. Sept. 24, 2013); *In re: Nunn*, 12-40257 at *2 (5th Cir. May 3, 2012); *Nunn v. Kastner*, 5:13cv1100 at *2 (W.D. Okla. Jan. 13, 2015).

Nunn now brings his 28th motion under § 2241, again challenging his convictions and sentences handed down from the Middle District of Alabama. He argues here that the arrest warrant and indictment were not issued under the seal of the United States District Court for the Middle District of Alabama, nor was the summons for a grand jury, thus depriving the trial court of subject-matter jurisdiction and depriving the grand jury of the authority to issue an indictment. Nunn also argues that the trial court was deprived of personal jurisdiction over him, because it did not issue a writ of habeas corpus *ad prosequendum* "under SEAL of the aforesaid Court." Pet. [1] at 3. Finally, he argues that the trial court was without authority to sentence him, because there was no subject-matter jurisdiction in the first place and because the Order of Commitment and Judgment were allegedly not issued under the seal of the court. Nunn claims that § 2255 is not available to raise these arguments because "§ 2255 does not allow Nunn to challenge the color of the process of the United States, at its best § 2255 only covers procedural error and not substantive error, the latter can only be assailed upon habeas corpus." Supp. Pet. [4] at 3. He asks the Court to reverse his convictions and to release him.

II.   Discussion

A petitioner may attack the manner in which his sentence *is being executed* in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). But a motion filed pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Thus, the proper vehicle for challenging errors that "occurred at or prior to

sentencing" is a motion pursuant to § 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Nunn's claims that he was improperly convicted and sentenced in the first place do not challenge the execution of his federal sentences but instead attack the validity of his federal sentences. Since the alleged constitutional violations "occurred at or prior to sentencing," they are not properly pursued in a § 2241 petition.

There is, however, an exception to this rule. "Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the "inadequate or ineffective" test, an inmate:

> must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion.

*Id.* (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). The inmate bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

On at least twenty-six occasions other courts have explained these requirements to Nunn when dismissing his prior petitions. Yet Nunn makes no effort to establish either element of the test. He cites no Supreme Court authority establishing his actual innocence. He also fails to point to any Eleventh Circuit law that ever prohibited his claims, let alone prohibited him from raising them at trial, on appeal, or in his first § 2255 motion. The Court concludes that Nunn's claims fail to satisfy the *Reyes-Requena* test and he cannot proceed under the savings clause.

III.	Conclusion

Since Nunn's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241.

Accordingly, Nunn's claims are not properly pursued under § 2241, and the Petition for habeas relief shall be dismissed as frivolous.  Further, to the extent the Petition can be construed as a § 2255 motion, it shall be dismissed for lack of jurisdiction.  28 U.S.C. § 2255(a).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects.  *See Pack*, 218 F.3d at 454.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.[1]

**SO ORDERED AND ADJUDGED** this the 30th day of January, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241.  *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005).