# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TYRON NUNN, SR., # 12452-002**  PETITIONER

**VERSUS**  CIVIL ACTION NO. 3:14cv930-DPJ-FKB

**WARDEN MARCUS MARTIN**  RESPONDENT

## ORDER DENYING RECONSIDERATION

Before the Court is *pro se* Petitioner Tyron Nunn, Sr.'s Rule 60(b)(4) Motion [17]. The Court dismissed the Petition for Writ of Habeas Corpus on January 30, 2015. On May 21, 2015, Nunn filed the instant motion for relief from that dismissal and Final Judgment [15].[1] He argues that the Order of Dismissal [14] and Final Judgment are void because they do not bear the seal of the Court. For the reasons set forth below, the motion is denied.

The Court may relieve a party from a final judgment, if the judgment is void. Fed. R. Civ. P. 60(b)(4). Nunn maintains that 28 U.S.C. § 1691 requires any court order and final judgment to bear the seal of the court in order to be valid. On the contrary, this statute reads, "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." 28 U.S.C. § 1691. The express terms of the statute, therefore, do not apply to this Court's orders or final judgments.

Nevertheless, Nunn believes that any court order and final judgment qualify as process under the statute. "Process" is defined as a "summons or writ, esp[ecially] to appear or respond in court." Black's Law Dictionary 1222 (7th ed. 2001). The definition does not include an order

---

[1] The Court previously denied two motions for reconsideration [5,6] filed by Nunn in response to the Court's denial [3] of his motion to proceed in forma pauperis. *See* Order Denying Reconsideration [13].

of dismissal and final judgment. Indeed, an order of dismissal and final judgment dismiss a lawsuit altogether, as opposed to requiring anyone's presence in a lawsuit.

Nunn presents no basis for reconsideration of the Order of Dismissal and Final Judgment.

Finally, the Court finds that Nunn's argument is frivolous, and his motions [5, 6, 17] for reconsideration in this case have been both frivolous and malicious. The Clerk of Court is directed not to accept anymore filings in this case, other than a Notice of Appeal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Petitioner Tyron Nunn, Sr.'s Rule 60(b)(4) Motion [17] should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court shall accept no more filings from Petitioner in this case, other than a Notice of Appeal.

**SO ORDERED AND ADJUDGED** this the 22nd day of June, 2015.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE